# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DEBORAH STANDARD MAERKEL,<br>*Plaintiff*,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>*Defendant*. | No. 3:17-cv-00170 (JAM) |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Deborah Standard Maerkel filed an application for social security disability insurance benefits in 2015. The Social Security Administration denied her application at various levels of review, so she filed this lawsuit challenging the decision of the Commissioner. *See* Doc. #1. In 2018, I ruled in favor of Maerkel and remanded her case to the Commissioner for further proceedings. *See* Doc. #28. Maerkel has moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). Although the Commissioner agrees that a fee award is appropriate, the Commissioner argues that Maerkel seeks compensation for an excessive number of hours expended by her attorneys. I agree in part, and for the reasons stated below will grant in part and deny in part Maerkel's motion for attorney's fees.

### DISCUSSION

A plaintiff like Maerkel who prevails in a civil case against the United States may seek an award of attorney's fees under the EAJA if the federal government's position is not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Because neither party in this case has argued that the Commissioner's position was substantially justified, I will not dwell on this inquiry and instead focus on the question of what fee award is reasonable.

Any fee award under the EAJA must be reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Reasonableness is a question of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. In the Second Circuit, courts typically find that a routine social security case requires 20 to 40 hours of attorney time. *See Nieves v. Berryhill*, 2017 WL 2838076, at *1 (D. Conn. 2017). The specifics of a case will sometimes warrant a greater award, and to make that determination, courts weigh "the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Vonaa v. Berryhill*, 2019 WL 2206066, at *1 (D. Conn. 2019).

In this case, Maerkel's counsel has requested a fee award for 73.2 hours of attorney time spent on the underlying case (including preparation of the initial EAJA application for fees), *see* Doc. #33-1 at 5, and a further 6.05 hours for preparing a reply brief to the Commissioner's opposition to the EAJA fee application, *see* Doc. #36-1 at 1.[1] This breaks down to a request for 56.7 hours in 2017 and 22.55 hours in 2018. The Commissioner opposes that total as unreasonable, and I agree with the Commissioner in part.

### *Review of routine documents*

First, I will exclude some of the time expended by Maerkel's counsel reviewing standard court filings and emails. Her counsel recorded individual 0.1-hour time increments for, *inter alia*, reviewing CM/ECF notices of judge assignment, the Court's standard electronic filing order, docket entry corrections, and various scheduling orders. *See* Docs. #33-2 at 1-7; Doc. #36-1 at 1. "A reduction of time is warranted for review of standard court filings, particularly by an attorney with experience in social security cases." *Rivera v. Colvin*, 2016 WL 1363574, at *2 (D. Conn.

---

[1] This total excludes 1.1 hours of paralegal time, which does not figure into these initial calculations but which I will take into account later. Doc. #33-1 at 5.

2016); *see also Downey v. Astrue*, 2012 WL 1205824, at *12 (E.D. Cal. 2012) (explaining how "[s]ix-minute billing increments can result in a rounding-up that over-calculates the time actually spent on the tasks in total"). Here, Maerkel's counsel billed a total of 1.4 hours in 2017, Doc. #33-2 at 1-5, and 0.8 hours in 2018 in 0.1-hour increments for reviewing routine CM/ECF notices and scheduling documents, *id.* at 6-7. Acknowledging that there have been more than 30 (albeit brief) docket entries in this case to review, I find a reduction of 0.7 hours in 2017 and 0.3 hours in 2018 to be appropriate where, as here, Maerkel's counsel could not reasonably have spent six minutes reviewing each entry that was billed at a 0.1-hour increment.

### *Review of the record and drafting the initial brief*

Next the Commissioner argues that Maerkel's counsel expended an unreasonable amount of time on various preparatory work in litigating this case. In particular, the Commissioner takes issue with the "nearly 40 hours itemized for reviewing the record and drafting the initial brief alone." Doc. #34 at 7; *see also* Doc. #33-2 at 1-3 (by the Court's calculations, identifying 34.4 hours expended in 2017 on "Review Record for potential FC claim;" "ODAR File re: Review Admin Record;" and various "draft brief" entries, including "Motion for Judgment," "Stipulation of Facts," "Med Chron[ology]," numerous procedural aspects and ALJ findings such as "The Hearing Testimony" and "Severity of Depression," and "Proof read," but not including "draft brief" entries that also include "research").

I agree with the Commissioner. Although Maerkel appears to contend that the need to prepare a statement of facts was a novel and burdensome requirement that should apparently lead courts to routinely award more than 40 hours' worth of fees, *see* Docs. #33-1 at 4-5; #36 at 2, courts in this district have repeatedly reaffirmed the 20-40 hour standard for social security cases

in recent years, even after the statement of facts requirement was imposed. *See, e.g.*, *Vonaa*, 2019 WL 2206066, at *1; *Yulfo-Reyes v. Berryhill*, 2019 WL 582481, at *5 (D. Conn. 2019).

Still, Maerkel's counsel argues that other circumstances of this case—such as the length of the record and not having represented Maerkel in administrative proceedings below—justify the time expended in reviewing the record and drafting the initial brief. Docs. #36 at 2-4; #33-1 at 4-5. But a 1,187-page record, while long, is not unusually so for this Court. *See, e.g.*, Doc. #21 to *Garzon v. Berryhill*, No. 3:18-CV-00799 (JAM) (D. Conn. 2018) (1,729 pages); *see also Yulfo-Reyes*, 2019 WL 582481, at *4-*5 (no upward departure of the fee award for 2,647-page transcript). Similarly, while it may have taken Maerkel's counsel some time to become familiar with her case, it is not unusual in this district for new counsel to step in for a social security appeal. *See, e.g.*, *Garzon v. Berryhill*, 2019 WL 2171234, at *1 (D. Conn. 2019); *Emerick v. Berryhill*, 2018 WL 4300118, at *1 (D. Conn. 2018). I am not persuaded that the factors surrounding the preparation of this case merit the award of an unusually high number of hours.

Of course, Maerkel's counsel did not actually spend more than 40 hours reviewing the record or drafting the opening brief. But to the extent that any social security case—such as this one—will require more work than simply reviewing the record and preparing an opening brief, using almost all of a typical case's 40-hour "budget" on these steps alone demonstrates a less than efficient use of time. Accordingly, I will exclude some of the 34.4 hours that Maerkel's counsel spent on reviewing the record and preparing Maerkel's initial brief.

The Commissioner appears to argue that a fair indication of the excess hours spent at this stage is the time Maerkel's counsel spent on arguments that did not pertain to the basis for the Court's order remanding the decision of the Commissioner. *See* Doc. #34 at 6-7. Although a court may reduce an EAJA fee award when a plaintiff is unsuccessful on one of her claims for

relief, *see Bathrick v. Astrue*, 2015 WL 3870268, at *6 (D. Conn. 2015), that is not the posture of this case. It is true that the Court's decision relied on relatively narrow errors in the ALJ's Step Four and Step Five analysis to conclude a remand was warranted—particularly relative to the broader claims of error in Maerkel's motion for judgment on the pleadings. *Compare* Doc. #28 at 5-9, *with* Doc. #16-1 at 12-31. But importantly, the Court's order remanding the Commissioner's decision did not find in favor of the Commissioner on *any* of Maerkel's claims of error, and instead instructed the ALJ on remand to "be sure to address the other concerns raised by [Maerkel] in her briefing in this case." Doc. #28 at 9. I therefore cannot categorize Maerkel's other arguments as necessarily unsuccessful. So I will not simply exclude the hours her counsel spent developing those other arguments.

Rather, I am mindful of the Second Circuit's guidance that district courts may "make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application." *Green v. City of New York*, 403 F. App'x 626, 630 (2d Cir. 2010) (quoting *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987)). Courts in this circuit have reduced fee awards by roughly 25% to 40% when they have found billing for an excessive number of hours in social security cases. *See, e.g.*, *Nieves*, 2017 WL 2838076, at *1-*2 (reducing request for 38.9 hours in 2016 by 14 hours); *Barbour*, 993 F. Supp. 3d at 292 (reducing request based on 61.1 hours to 40 hours); *see also Yulfo-Reyes*, 2019 WL 582481, at *2, *5 (between hours specifically excluded and across-the-board reduction of remaining hours, ultimately awarding 60 hours from 80.65 hour request). Because the record in this case was not insubstantial, and because Maerkel's counsel did not represent her before the ALJ, I conclude that a reduction of 30% is reasonable. Accordingly, excluding 30% of the 34.4 hours Maerkel's

counsel spent reviewing the record and preparing the initial brief (10.32 hours), I conclude that an award based on 24.08 hours in 2017 for these tasks is appropriate.

### Oral argument

The Commissioner takes further issue with Maerkel's fee application in connection with oral argument in this case. First, the Commissioner challenges Maerkel's counsel's decision to "itemize[] .3 hours for three separate emails sent to [Maerkel] within a day after the oral argument," and claims that they demonstrate "inefficiency in communicating with the client." Doc. #34 at 8-9; *see also* Doc. #3-2 at 7. Maerkel, by contrast, argues that counsel justifiably spent those hours on client communication, particularly in light of numerous mental symptoms Maerkel experiences. *See* Doc. #36 at 9. "The fee applicant bears the burden of establishing entitlement to an award," *Hensley*, 461 U.S. at 437, and I am satisfied that someone in Maerkel's condition might reasonably require the assurances that multiple email communications from her counsel would provide. Accordingly, I will not exclude this time from the fee award.

The Commissioner then argues that the rate of compensation for the 1.75 hours Maerkel's counsel spent driving to and from New Haven should be reduced. Doc. #34 at 8. Courts in this district will typically award travel time at an attorney's usual fee rate when the travel is reasonable, the request is modest, and the representation successful. *See Hubbard v. Total Communications, Inc.*, 2010 WL 1981560, at *5 (D. Conn. 2010) (collecting cases). Here, the request for compensation is modest (the 1.75 hours counsel spent in transit to and from New Haven constitute a little over 2% of the initial 73.2-hour fee request), the transit was necessary to appear at the oral argument the Court scheduled in this case, and Maerkel's counsel successfully obtained a remand. I therefore conclude that it is reasonable that Maerkel's counsel be compensated at the ordinary rate for time spent in transit.

### *Litigation over fees*

Finally, Maerkel has requested attorney's fees for time spent preparing the initial EAJA fee petition and the subsequent reply brief to the Commissioner's opposition to the EAJA fee application. *See* Docs. #33-2 at 8; #36-1 at 1. Maerkel requests a fee award for two hours of work in preparing the initial application for fees. Doc. #33-2 at 8. That is appropriate and typical for cases in this district. *See Yulfo-Reyes*, 2019 WL 582481, at *4.

Maerkel also requests a fee award for 6.05 hours of work solely for preparing the reply brief to the government's opposition to her application for fees. Doc. #36-1 at 1. Time spent on a reply brief is compensable over and above time spent on an initial EAJA application. *See Hosking v. Astrue*, 2010 WL 4683917, at *3, *report and recommendation adopted*, 2010 WL 4681257 (D. Conn. 2010). But 6.05 hours is not a reasonable request as to hours spent on the reply brief in this case, which is only 10 pages in length (although it is the first submission from Maerkel's counsel to discuss in more than a cursory paragraph the specifics of why this case merits the fees Maerkel seeks, as opposed to boilerplate recitation of general legal principles governing EAJA fee requests). *Compare generally* Doc. #33-1 *with* Doc. #36. Because the Commissioner raised several objections meriting a somewhat substantial amount of legal argument in response, I will exclude 4.05 hours from the time spent on Maerkel's reply brief, and I will award fees based instead on two hours of work. *See Hosking*, 2010 WL 4683917, at *3 ("The Court finds that 1.0 hour is a reasonable amount of time to prepare a reply to Defendant's response, which raised only two issues.").

In sum, I have excluded a total of 11.02 hours of attorney time in 2017 and 0.3 hours of attorney time in 2018 from Maerkel's initial fee request for 56.7 hours of attorney time in 2017 and 16.5 hours of attorney time in 2018 (through May 14, 2018). *See supra*; Doc. #33-1 at 5.

Accordingly, combining a total of 45.68 hours at $199.2767 per hour for attorney work in 2017; 1.1 hours at $115.00 per hour for paralegal work in 2017; and 16.2 hours at $203.2164 per hour in 2018, I find that a subtotal of $12,521.57 is an appropriate fee award for work spent handling the principal social security appeal and initial EAJA application.[2]

Adding 2.0 hours at $203.2164 per hour for attorney work in 2018 preparing the reply brief to the EAJA application (after subtracting 4.05 hours, *see supra*; Doc. #36-1 at 1), I find that an additional subtotal of $406.43 is an appropriate award.

I therefore conclude that Maerkel should be awarded a total of $12,928.00 in attorney's fees.

## CONCLUSION

For the reasons stated above, Maerkel's application for attorney's fees is GRANTED IN PART and DENIED IN PART insofar as Maerkel is granted $12,928.00 of her $16,008.02 fee application. Docs. #33; #36 at 10.

It is so ordered.

Dated at New Haven this 6th day of January 2020.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[2] I derive these rates from the unobjected-to amounts stated in Maerkel's papers. *See* Doc. #33-1 at 5.